## Cook Estate

*John M. Eakin*, for accountant.
*Myers, Myers & Flower*, for trustee.

JACOBS, J., April 26, 1956.—Harry E. Cook died February 12, 1942, having first made his last will and testament, since his death duly proven and of record in the office of the register of wills in and for Cumberland County in Will Book no. 42, page 235. He appointed Elmer R. Thumma as executor of his will, and named Elizabeth McCullough as attorney in the settlement of his estate. Letters testamentary on said will were issued by the register of wills in Cumberland County, to Elmer R. Thumma on February 28, 1942.

In his will Mr. Cook devised and bequeathed all of his estate to "my Trustee" in trust for the life of one Anna M. Souder, and made further provision for the disposition of his estate after the death of Anna M. Souder. Testator failed to name a trustee, and on June 1, 1944, this court appointed Lemoyne Trust Company as trustee under the will of decedent.

Elmer R. Thumma undertook the settlement of the Harry E. Cook estate and immediately employed Elizabeth L. McCullough, Esq., of the Cumberland County Bar as his attorney in the settlement of the estate. Such employment was in accordance with the directions contained in the testator's will. On September 7, 1946, the executor filed a first and partial account, and on December 5, 1953, he filed a second and final account. Exceptions were filed to both accounts. On January 28, 1954, James R. Humer, Esq., of the Cumberland County Bar, was appointed auditor to pass upon the exceptions to both accounts and to pass upon any other matters arising in connection with the said accounts. Mr. Humer proceeded to the execution of his duties and on May 9, 1955, presented to this court his auditor's report. The auditor's report was long and detailed, and, exceptions having been filed to the same by Lemoyne Trust Company, trustee, contained a supplemental report ruling on the exceptions. Proper no-

tice of the intended presentation of the auditor's report, as amended, having been given, the report of the auditor was confirmed by this court on May 9, 1955.

Subsequently, upon petition of Lemoyne Trust Company, trustee as aforesaid, setting forth that the auditor had inadvertently failed to consider an exception to the accounting of the Samuel K. Lautsbaugh mortgage, confirmation was revoked by this court. The order of revocation was dated October 11, 1955, and provided as follows: "James R. Humer, Auditor, is authorized and directed to re-open his report to hear evidence and make his recommendations on any question not disposed of in the report and supplemental report previously filed, all of the proceedings to stay meanwhile." The reopened auditor's report was filed by Mr. Humer some time in November 1955. The original auditor's report, as amended, together with the reopened auditor's report and exceptions filed to the same are now before this court for disposition. These reports show that the auditor labored long and carefully, for which he is commended.

After a careful review of the testimony presented before the auditor, and the various auditor's reports, the court, on its own motion, fixed a time for taking additional testimony. Testimony was taken before the court on April 16, 1956, and has been filed of record to the above number and term.

On the basis of the testimony presented at the hearing on April 16, 1956, the court makes the following

### Findings of Fact

1. The executor first discovered the misbehaviour of his original attorney, which resulted in shortages, in the latter part of the year 1953.

2. The original attorney for the executor left Pennsylvania in October 1952, and did not return to Pennsylvania until the summer of 1955.

3. John M. Eakin, Esq., who was employed as counsel to the executor in the summer of 1953, went to see the original attorney for the executor as soon as she returned to Pennsylvania, which was in the summer of 1955. He succeeded in having the original attorney raise sufficient funds to pay the amount by which the auditor surcharged the executor, to wit, $153.18.

4. The original attorney to the executor has no funds or property from which any shortages can now be collected, nor did she have any property or funds since the shortages were discovered from which they could have been collected.

5. The original attorney for the executor appeared and testified before the court, and, although she denies that she has misappropriated any funds, she admits that she has been careless in the handling of this estate and agrees that she should be surcharged with the amount of the shortages as found by the auditor, and is willing to make payments on account of said surcharge from her earnings as she is able.

6. At said hearing before the court, John M. Eakin, Esq., attorney for the executor, presented a request for additional compensation in the amount of $150. Counsel for the trustee has agreed to the payment of this additional compensation.

And now, April 26, 1956, at 11:30 a.m., it is adjudged and decreed as follows:

1. That Elizabeth L. McCullough, the original attorney for the executor, be surcharged for shortages in the amount of $3,344.54.

2. That John M. Eakin, Esq., attorney for the executor, be awarded additional counsel fees in the amount of $150. . . .